## Robinson, &c. vs. West, &c.

### ERROR TO GARRARD CIRCUIT.

1. A creditor cannot come into a court of equity and ask the foreclosure of a mortgage executed by his debtor to another person, without first having a judgment for his debt, or averring an intent to make a fraudulent disposition of the mortgaged property for the purpose of evading the payment of debts.
2. Where a plaintiff, without any judgment at law, or any allegation of a fraudulent intent to dispose of mortgaged property, files his petition in equity against mortgagor and mortgagee, to have a sale of the mortgaged property, and payment of a debt due by the mortgagor, though the court cannot render any decree for sale of the property, it should render judgment for the debt due to the petitioner, unless there be a motion to correct the error in the proceeding according to sections 410 and 412 of the Code of Practice.

Judge Simpson delivered the opinion of the court.

This was a petition in equity in which the plaintiffs stated that the defendant, West, was indebted to them in the sum of two hundred and thirty dollars eighty two cents, by note, the whole of which remained due and unpaid, except the sum of twenty-five dollars paid on the 11th June, 1852; that West had executed to the defendants, Adams and Burdett, a mortgage upon a tract of land to secure the payment of about four thousand dollars; that he was in embarrassed circumstances, and that the plaintiffs had therefore a right to subject the land to the payment of their debt. They prayed for a decree against West for the unpaid balance of the debt, and that the mortgage might be foreclosed, and the land subjected to the payment of their demand.

The defendants filed a joint answer. West, the debtor, stated, that at the time the plaintiffs filed their petition, he had over two thousand dollars worth of property unincumbered and liable to execution in the county in which the action was brought. The mortgagees stated that there was still due upon the mortgage debts, the sum of three thousand one hundred dollars, the balance having been paid. The defendants jointly alleged that the plaintiff's petition did not show facts sufficient to give a court of equity jurisdiction to grant any relief.

Upon final hearing, the court dismissed the plaintiffs' petition as to all the defendants, without prejudice. The plaintiffs have prosecuted a writ of error, and insist that the court erred in dismissing the petition so far as West was concerned, and in failing to enter a judgment against him for the debt, which he admitted in his answer that he owed to the plaintiffs.

1. A creditor cannot come into a Court of Equity and ask the foreclosure of a mortgage executed by his debtor to another person, without first having a judgment for his debt, or averring an intent to make a fraudulent disposition of the mortgaged property, for the purpose of evading the payment of debts.

A creditor cannot come into a court of equity to have a mortgage, executed by his debtor to another person, foreclosed, unless he has obtained a judgment for his debt, or the mortgagor intends to make a fraudulent disposition of the property included in the mortgage, for the purpose of preventing the payment of his debts. The petition in this case did not allege the existence of either of these grounds of equitable jurisdiction, and consequently the plaintiffs were not entitled to any order for a sale of the mortgaged property. The petition was therefore properly dismissed so far as any relief was sought against the mortgagees, but, as the plaintiffs had a right to a judgment against West for the debt which he owed them, the question is, were they deprived of this right because the action was still pending as an equitable proceeding at the time of the final hearing?

2. Where a plaintiff, without any judgment at law, or any allegation

The solution of this question depends upon the construction that shall be given to the 6th section of the Code of Practice. It is in the following language: "An error of the plaintiff as to the kind of proceed-

ings adopted, shall not cause the abatement or dismissal of the action, but merely a change into the proper proceedings by an amendment in the pleadings, and a transfer of the action to the proper docket."

Does this section require the court to enter a judgment for the plaintiff when he is prosecuting his action by equitable proceedings, and would be entitled to a judgment upon the allegations of his petition, if he were prosecuting it by ordinary proceedings, or does it only authorize the plaintiff to have the action transferred to the proper docket; and if he fail to do it, does the omission deprive him of the right to insist on a judgment in his favor?

A reference to some of the other provisions of the Code of Practice will afford us some aid in giving a proper construction to this section. The 10th section provides that an error as to the kind of proceedings adopted in the action, is waived by a failure to move for its correction at the time and in the manner prescribed. The 412th section, after specifying the causes for which an action may be dismissed without prejudice to a future action, neither of which applies to or embraces the present case, expressly provides that in all other cases, upon the trial of the action, the decision must be upon the merits. And by the 410th section, judgment may be given for or against one or more of several defendants.

From these several provisions contained in the Code, it is apparent that the plaintiff's action is not in any case to be dismissed for an error as to the kind of proceedings adopted by him, but the error is to be regarded as waived for a failure to move for its correction at the time and in the manner prescribed in the Code; and upon the trial of the action the decision must be upon the merits. This construction seems to be in conformity with the requisition of the 739th section, that the provisions of the Code and all proceedings under it shall be liberally construed, with

Robinson, &c.
vs.
West, &c.

of a fraudulent intent to dispose of mortgaged property, files his petition in equity against mortgagor and mortgagee to have a sale of mortgaged property, and payment of a debt due by the mortgagor, though the court can not render any decree for sale of the property, it should render judgment for the debt due to the petitioner, unless there be a motion to correct the error in the proceeding, according to sections 410 and 412 of the Code of Practice.

a view to promote its object, and to assist the parties in obtaining justice.

We are therefore of opinion that the court below erred in dismissing the plaintiffs' petition against the defendant West, and that, as no amendment of the petitition was necessary, a judgment should have been rendered against him for the debt due by him to the plaintiffs.

Wherefore, the judgment is affirmed as to Adams and Burdett, the mortgagees, but reversed as to West, and cause remanded, that a judgment may be rendered against him for the debt set forth in the plaintiffs petition.

HARRISON for plaintiffs; BURDETT for defendants.